UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MYRA S. SMITH,

                              Plaintiff,

            -against-

CITY OF NEW YORK,

                             Defendant.

20 Civ. 11136 (LGS)

ORDER OF SERVICE

---

LORNA G. SCHOFIELD, United States District Judge:

      WHEREAS, Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the New York State and City Human Rights Laws, alleging that her employer retaliated against her after she settled a prior employment discrimination case she had brought against it.  Dkt. No. 2.

      WHEREAS, by order dated January 14, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").  Dkt. No. 3.  It is hereby

      **ORDERED** that, the U.S. Marshals Service shall serve the summons and complaint **within ninety days of the date the summons is issued**.  Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).  In addition, although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within ninety days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and

complaint until the Court reviewed the complaint and ordered that a summons be issued. It is further

**ORDERED** that, if the complaint is not served within ninety days of the date the summons is issued, Plaintiff shall request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)."). It is further

**ORDERED** that if Plaintiff's address changes, she shall notify the Court in writing. The Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is respectfully directed to issue a summons; complete a U.S. Marshals Service Process Receipt and Return form ("USM-285 Form") for Defendant; and deliver to the U.S. Marshals Service all documents necessary for the U.S. Marshals Service to effect service on Defendant.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. *Pro se* parties also are encouraged to consent to receive all court documents electronically. A consent to electronic service form is available on the Court's website. *Pro se* parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street). For more information,

including instructions on this new email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.

SO ORDERED.

Dated: February 5, 2021
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

## DEFENDANT AND SERVICE ADDRESS

City of New York
100 Church Street
New York, NY 10007