UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
MYRA S. SMITH,
                          Plaintiff,          20 Civ. 11136 (LGS)

       -against-                        <u>ORDER</u>

CITY OF NEW YORK,
                          Defendant.
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Defendant moved to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

      WHEREAS, in its moving papers, Defendant gave notice pursuant to Local Civil Rule 12.1 to Pro se Plaintiff that the Court may treat its motion as a motion for summary judgment, and that the Complaint may be dismissed if Plaintiff did not respond to the motion by filing sworn affidavits and other papers as required by Federal Rule of Civil Procedure 56 (Dkt. No. 25).

      WHEREAS, Defendant has asked the Court to consider information outside of the pleadings. In particular, Defendant attached to its motion papers materials that Plaintiff provided in response to the Court's May 28, 2021, Order that Plaintiff produce to Defendant any evidence of the date on which she received the EEOC Dismissal and Notice of Rights. It is hereby

      **ORDERED** that Defendant's motion to dismiss will be converted to a motion for summary judgment on the issue of equitable tolling. Under Federal Rule of Civil Procedure 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," provided that the parties have "reasonable opportunity to present all

the material that is pertinent to the motion." *See Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008) (A "reasonable opportunity" generally requires a district court to "give notice to the parties before converting a motion.") (internal quotation marks omitted); *accord Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 295 (S.D.N.Y. 2018). It is further

**ORDERED** that Plaintiff shall file evidence, along with any accompanying supplemental briefing, not to exceed five (5) double-spaced pages, in opposition to summary judgment with respect to the issue of equitable tolling, by **June 27, 2022**. A litigant seeking equitable tolling must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *United States v. Wright*, 945 F.3d 677, 684 (2d Cir. 2019) (internal quotation marks omitted).

Plaintiff is advised that she cannot oppose Defendant's motion simply by relying on allegations in the Complaint. Rather, Plaintiff must submit *evidence* countering the facts asserted by Defendant. Such evidence shall be in the form of (1) sworn witness statements (from Plaintiff or others) that state "sworn to under penalty of perjury" and signed in the presence of a notary or (2) documents accompanied by a similar sworn witness statement identifying the document and any relevant facts about it. This evidence may include a sworn statement under penalty of perjury signed before a notary, explaining the circumstances surrounding the delay in filing the Complaint between December 16 and December 30, 2020, including the nature of her illness, her treatment at the hospital, absence from work due to her illness, her efforts to enter the courthouse notwithstanding a street closure, whether she consulted the courthouse website or with any staff regarding pro se filings, whether she was aware she could file by mail or email, and any other corroborating documentary evidence. Plaintiff is advised that anyone who makes

any untruthful or misleading statements under oath may be prosecuted for perjury or making a false statement.  It is further

**ORDERED** that Defendant shall file any evidence in support of summary judgment, along with any accompanying supplemental briefing, not to exceed five (5) double-spaced pages, in support of summary judgment by **July 11, 2022**.

The Clerk of Court is respectfully directed to mail a copy of this Order to Pro se Plaintiff.

Dated:  June 6, 2022
        New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**