UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
MYRA S. SMITH,
                                       Plaintiff,          20 Civ. 11136 (LGS)

            -against-                        **ORDER**

THE CITY OF NEW YORK,
                                       Defendant.
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on May 11, 2022, Plaintiff, proceeding pro se, filed a motion for a preliminary injunction to prevent Defendant from "interfering with, altering, or discontinuing in anyway [her] normal and usual working/labor arrangement" and "terminating her employment" during the pendency of this action.  (Dkt. No. 29.)

       WHEREAS, on May 24, 2022, Defendant filed a response opposing the preliminary injunction.  (Dkt. No. 33.)

       WHEREAS, "[a] party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest."  *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (citing *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015)).  It is hereby

       **ORDERED** that Plaintiff's motion for a preliminary injunction is **DENIED**.  The preliminary injunction motion fails to demonstrate that Plaintiff is likely to suffer irreparable harm in the absence of injunctive relief.  *See New York v. United States Dep't of Homeland Sec.*, 969 F.3d 42, 86 (2d Cir. 2020).  Although Plaintiff argues that she may be terminated or demoted absent the injunction, this is insufficient because any harm caused by such actions could be

remedied by monetary damages.  *See New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir. 2015) ("Irreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages."). It is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is **DENIED** for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to serve a copy of this Order on pro se Plaintiffs and to close the motion at Dkt. No. 29.

Dated: June 16, 2022
       New York, New York

                                                **LORNA G. SCHOFIELD**
                                           **UNITED STATES DISTRICT JUDGE**