UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
MYRA S. SMITH,                                               :
                                      Plaintiff,             :     20 Civ. 11136 (LGS)
                                                             :
                        -against-                            :     **OPINION AND ORDER**
                                                             :
CITY OF NEW YORK,                                            :
                                      Defendant.             :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

Pro se Plaintiff Myra Smith brings this action against Defendant the City of New York (the "City") under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101-131 ("NYCHRL") and the New York State Human Rights Law, N.Y. Executive Law §§ 290-297 ("NYSHRL"),[1] based on alleged discrimination and retaliation by her employer, the New York City Police Department ("NYPD"). Defendant moved to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). By Order dated June 6, 2022, the parties were notified that Defendant's motion to dismiss was partially converted to a motion for summary judgment on the issue of equitable tolling pursuant to Federal Rule of Civil Procedure 12(d), and were provided an opportunity to submit additional evidence and legal argument. Plaintiff filed a declaration, medical records and other documents, under seal, on June 26, 2022, and Defendant filed a reply memorandum of law on July 8, 2022. For the following reasons,

---

[1] In her Opposition brief, Plaintiff states that she asserts claims under the Americans with Disabilities Act of 1990 retaliation statute, 42 U.S.C. § 12203. Because there is no allegation in the Complaint or elsewhere regarding any disability, this claim is not considered.

Defendant's motion is granted in part, and the Court declines to exercise supplemental jurisdiction over the remaining claims.

I.     BACKGROUND

The following facts are taken from the Complaint and documents attached to it. *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 306 (2d Cir. 2021). The facts are construed in the light most favorable to Plaintiff as the non-moving party and presumed to be true for the purpose of this motion. *Id.* at 299 n.1.

   A. Facts

Plaintiff began her employment with the NYPD on November 8, 2014, as a Police Administrative Aide. At some point after commencing her employment, Plaintiff applied for a transfer to the Manhattan Court Section and was interviewed for a position. While Plaintiff awaited placement in Manhattan, she was promoted to the position of Senior Police Administrative Aide ("SPAA") on June 8, 2017, and transferred to the 088 Precinct Stationhouse in Brooklyn, New York. Plaintiff was assigned to the 124 Room, where she currently works. Plaintiff filed suit against Defendant on August 4, 2017, alleging age and race discrimination. The parties reached a settlement on May 15, 2019. Within two weeks after the settlement was reached, Plaintiff began experiencing retaliation at work, which had not ceased as of the time of the filing of the Complaint.

On a daily basis, uniformed members of service ("UMOS") misappropriated the 124 Room by using it for various other functions, including as an arrest processing room, training room, breakroom and locker room. The behavior of certain UMOS was "loud, vile, virulent, sexually-explicit/inappropriate in offensive verbiage, profanity, and often physical violence, effectively torturing, tormenting and abusing Plaintiff and others." On many occasions, UMOS

harassed Plaintiff about the music, air conditioning or heating, and on some days, prevented Plaintiff from using the room.  Plaintiff made requests "for a reasonable accommodations transfer," but her requests were denied.  On one occasion, Plaintiff was instructed to produce a doctor's note stating that it was a medical necessity for her to have air conditioning in the summer.  Plaintiff also has been deliberately removed from email notification lists.

In February 2020, Plaintiff again applied for a transfer to the Manhattan Court Section, this time for an open SPAA position.  Her application process was complete as of April 14, 2020, but she was not interviewed for the position as she previously had been.

On three occasions on unspecified dates, Plaintiff received notices to appear for GO-15 interviews for alleged misconduct,[2] but on each occasion the interview was cancelled and rescheduled.  When Plaintiff appeared at one of the GO-15 interviews, she overheard a young, UMOS female superior tell another individual that Plaintiff would not be transferred because she "is too old and too ugly."

### B. Procedural History

Plaintiff instituted this action on December 30, 2020.  On May 3, 2021, Defendant filed a pre-motion letter in anticipation of a motion to dismiss.  An initial pretrial conference was held on May 27, 2021.  Following the conference, Plaintiff was directed to produce to Defendant any evidence of the date on which she had received the Equal Employment Opportunity Commission ("EEOC") Dismissal and Notice of Rights, and to file any amended complaint by July 8, 2021, addressing the problems identified in Defendant's pre-motion letter.  In response, Plaintiff provided (1) a handwritten timeline describing when she received the EEOC right-to-sue letter

---

[2] "A GO-15 is an interview in connection with allegations of serious misconduct or corruption." *Mullins v. City of New York*, 626 F.3d 47, 50 (2d Cir. 2010); *accord Trujillo v. City of New York*, No. 14 Civ. 8501, 2016 WL 10703308, at *3 n.2 (S.D.N.Y. Mar. 29, 2016).

and attempted to file the Complaint; (2) a copy of an unsigned NYPD civilian sick leave report; (3) a copy of a doctor's note from NYU Langone Hospital dated December 20, 2020 and (4) a copy of the front of an EEOC envelope dated August 13, 2020.  At Plaintiff's request, the deadline to amend the Complaint was extended to August 3, 2021.  Plaintiff did not file any amended complaint.  This motion followed.  In its motion, Defendant asked the Court to consider information outside of the pleadings, including the materials Plaintiff provided in response to the Court's May 28, 2021, Order.  On June 6, 2022, the parties were informed that Defendant's motion to dismiss would be converted to a motion for summary judgment on the issue of equitable tolling, and the parties were afforded the opportunity to submit additional evidence and legal argument.  Plaintiff filed a declaration, medical records and other documents, under seal, on June 26, 2022, and Defendant filed a reply memorandum of law on July 8, 2022.

## II.    LEGAL STANDARDS

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020).  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Bensch v. Est. of Umar*, 2 F.4th 70, 80 (2d Cir. 2021).  To survive dismissal, "plaintiffs must provide the grounds upon which [their] claim rests through factual allegations sufficient to

raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (alteration in original) (internal quotation marks omitted).

The portion of Defendant's motion relating to equitable tolling was converted to a motion for summary judgment. Summary judgment is appropriate where the record establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020) (internal quotation marks omitted). "The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment, and in assessing the record to determine whether there is a genuine issue as to a material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Id.* (internal quotation marks omitted).

Although the same standards under Rule 56 apply, special latitude is given to a pro se litigant in responding to a summary judgment motion. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156-58 (2d Cir. 2017). A pro se litigant's papers must be construed liberally "to raise the strongest arguments that they suggest." *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021).

### III.   DISCUSSION

Liberally construed, the Complaint asserts claims under Title VII, the ADEA and various city and state statutes. For the reasons discussed below, the federal claims are dismissed, and the court declines to exercise supplemental jurisdiction over the state and city claims.

A.     **Timeliness of Federal Claims**

The Title VII claim and ADEA claim are dismissed as untimely.  Both Title VII and the ADEA require a plaintiff to file an action in federal court within ninety days of receiving a right-to-sue letter from the EEOC.  42 U.S.C. § 2000e-5(f)(1) (Title VII); 29 U.S.C. § 626(e) (ADEA).  Because untimeliness is an affirmative defense, claims are not usually dismissed on this ground unless untimeliness is apparent from the face of the complaint or documents attached to the complaint.  *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015); *accord Lucesco Inc. v. Republic of Arg.*, 788 F. App'x 764, 767 (2d Cir. 2019) (summary order).  There is a rebuttable presumption that (1) a right-to-sue letter provided by EEOC was mailed on the date shown on the letter, and that (2) the letter is received three days after its mailing.  *See Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525-26 (2d Cir. 1996); *Jackson v. NYC Transit Auth.*, No. 19 Civ. 5351, 2022 WL 137856, at *5 (S.D.N.Y. Jan. 14, 2022).  Here, the right-to-sue letter is attached to the Complaint and is dated September 14, 2020.  Accordingly, Plaintiff was required to commence this action by December 16, 2020, ninety days after presumed receipt of the right-to-sue letter on September 17, 2020.  The Complaint was filed on December 30, 2020, fourteen days after the deadline to file.  This action is therefore untimely and cannot proceed.  *See, e.g., Rosas v. Berry Plastics (Pliant LLC)*, 649 F. App'x 3, 4 (2d Cir. 2016) (summary order) (affirming dismissal of complaint as time barred where plaintiff failed to rebut the presumption that he had received the right-to-sue letter three days after mailing).

The presumption of receipt is rebuttable "[i]f a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011); *accord*

*Tatas v. Ali Baba's Terrace, Inc.*, No. 19 Civ. 10595, 2022 WL 993566, at *6 (S.D.N.Y. Mar. 31, 2022). Plaintiff contends that, because the August 13, 2020, date that appears on the EEOC envelope pre-dates the September 14, 2020, date on the right-to-sue letter, it is impossible to determine when the letter actually was mailed. That may be true, but the August envelope date provides no basis to rebut the legal presumption and conclude that the date of mailing was *after* the September date on the right-to-sue letter.

Here, even if the EEOC envelope or Plaintiff's unsworn handwritten timeline were admissible evidence of the date of receipt, the Complaint still would be untimely. The date on the envelope is August 13, 2020, resulting in a presumptive August 16 receipt, and Plaintiff asserts on the timeline that September 18, 2020, was the actual date of receipt. Measuring from the later date, the Complaint was required to be filed no later than December 17, 2020, still well before the December 30 filing date.

Plaintiff argues that, to the extent the Complaint was not timely filed, the deadline for filing should be equitably tolled. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Smalls v. Collins*, 10 F.4th 117, 145 (2d Cir. 2021) (internal quotation marks omitted). Here, equitable tolling is unwarranted because the record does not support a finding of either diligence or extraordinary circumstances.

In her sworn declaration, Plaintiff states that she was unable to file the Complaint on December 16, 2020, because "[t]he entire front walkway [to the courthouse] was barricaded and access to the door itself was blocked." Plaintiff saw a group of women dressed in business attire "who appeared to be associated with the Court" walking towards a separate entrance where uniformed security officers were visible at the door. One of the women told Plaintiff "that the

7

Courthouses all closed 'at 3:00 p.m.' and that Plaintiff should come back tomorrow," and the security officer locked the door behind the woman. When Plaintiff returned to the courthouse on December 17, 2020, she was told by security personnel that she needed to go to the Pro Se Office in the Thurgood Marshall Courthouse, but it was around 3:00 p.m. at that time and the Pro Se Office had closed. On December 18, 2020, Plaintiff left work on sick leave to attend to a medical issue, which she states "persisted for days." Plaintiff submitted discharge records, which detail her treatment and show that she was admitted to NYU Langone on December 20, 2020, and discharged to "Home Or Self-care" within a couple of hours. In her materials provided to Defendant, Plaintiff provided an unsigned civilian sick leave report stating that she was sick between December 17 and December 22, and a note from the hospital stating that Plaintiff was treated on December 20 and could return to work the next day. According to Plaintiff, "[o]nce the health issue was controlled," she went to the Thurgood Marshall Courthouse on December 23, 2020, and was told by security personnel that the Pro Se Office had closed at 1:00 p.m. due to the holiday.

These facts and circumstances are legally insufficient to warrant equitable tolling. *See Perez v. Harbor Freight Tools*, 698 F. App'x 627, 629 (2d Cir. 2017) (summary order) (concluding that plaintiff's affidavit was insufficient to support claim of equitable tolling because of insufficient detail and the lack of corroborating documents); *Antonmarchi v. Consol. Edison Co. of N.Y., Inc.*, 514 F. App'x 33, 37 (2d Cir. 2013) (summary order) (affirming district court's rejection of equitable tolling arguments where pro se plaintiff received incorrect information from a third party regarding his remedies); *Stephens v. Salvation Army*, No. 4. Civ. 1697, 2006 WL 2788245, at *4 (S.D.N.Y. Sept. 26, 2006) (declining to credit pro se plaintiff's uncorroborated assertions regarding allegedly mistaken instructions from a pro se clerk for

purposes of equitable tolling); *cf Brissett v. N.Y.C. Transit Auth.*, No. 9 Civ. 874, 2010 WL 2134267, at *1 (E.D.N.Y. May 27, 2010) (crediting pro se plaintiff's account for purposes of equitable tolling where plaintiff provided "some corroboration" with respect to incorrect instructions provided by pro se clerk). "[B]oth the Clerk's office and the *Pro Se* Intake Unit were open throughout the pandemic," *Rodriguez v. Hudson Valley Chrysler*, No. 20 Civ. 9646, 2021 WL 5910173, at *3 (S.D.N.Y. Dec. 14, 2021), and since April 1, 2020, pro se plaintiffs may submit filings by email, regular mail, or through a drop box located in the lobby of the courthouse. *See Addendum to Electronic Case Filing Rules & Instructions*, U.S. Dist. Ct. S.D.N.Y., (April 1, 2020), https://www.nysd.uscourts.gov/sites/default/files/pdf/ecf_rules/ECF%20Rules%20Addendum%20COVID-19%20%20Pro%20Se%20Email%20v8.pdf. Plaintiff could have filed suit using one of these alternative methods. In her declaration, Plaintiff states that she consulted the Court's website between December 14, and December 16, 2020, and appears to have been at least aware of the fact that filing by mail may have been an option, though she states that she was not prepared to mail any documents on December 17, 2020, due to problems Plaintiff had previously experienced with the United States Postal Service changing its operating hours and procedures, including not accepting cash and closing around 4:00 p.m. during the pandemic. *See also Nunez v. Danforth*, No. 20 Civ. 10230, 2021 WL 1063127, at *2 (S.D.N.Y. Mar. 18, 2021) (concluding that pro se petitioner had not established a plausible basis for equitable tolling because "[t]he Clerk's office and *pro se* filing unit have been open for filing throughout the pandemic).

Although "medical conditions, whether physical or psychiatric, can manifest extraordinary circumstances, depending on the facts presented," *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011), on this record, Plaintiff's medical condition does not constitute extraordinary

9

circumstances sufficient to toll the statute of limitations for the applicable period. Like the plaintiff in *Parada v. Banco Industrial De Venez., C.A.*, 753 F.3d 62, 71 (2d Cir. 2014) (holding that pro se plaintiff's medical condition was not severe enough to warrant equitable tolling), Plaintiff "suffered a physical rather than mental impairment" and "apart from a short stay in the hospital, [Plaintiff] points to nothing in the record that suggests her physical condition prevented her from pursuing her . . . claim earlier." *Id.* Plaintiff was discharged from the hospital on Sunday, December 20, 2020, after being admitted a couple hours earlier. Although Plaintiff states that her medical issue "persisted for days," the discharge note states that she could return to work the following day, on December 21, 2020, and the record provides no further information explaining why Plaintiff's medical condition prevented her from filing this action on December 21 or 22, 2020. Even if equitable tolling were applied through December 21, 2020, there is no evidence in the record of reasonable diligence and extraordinary circumstances that would warrant tolling between December 23 and December 30 when the Complaint was filed.

   C. **NYSHRL & NYCHRL Claims**

  The court declines to exercise supplemental jurisdiction over these claims, meaning that Plaintiff may seek to refile them in state court. Federal courts may exercise supplemental jurisdiction over state law claims that are related to federal law claims and arise from the same common nucleus of operative facts. *See* 28 U.S.C. § 1367(a). District courts may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When "a plaintiff's federal claims are dismissed before trial, 'the state law claims should be dismissed as well.'" *Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2010) (quoting *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008)); *accord Gorss Motels, Inc. v. Lands' End, Inc.*, 997 F.3d

470, 481 (2d Cir. 2021) ("[B]ecause [plaintiff's] federal claims were properly dismissed . . . the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over [plaintiff's] state law claims.").

### IV.    LEAVE TO REPLEAD

A "court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although courts generally take a liberal approach in permitting pro se plaintiffs to amend their pleadings, "leave to amend need not be granted when amendment would be futile." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016). Repleading is futile when "[t]he problem with [the plaintiff's] causes of action is substantive" and "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *accord Jain v. City of New York*, No. 20 Civ. 5442, 2021 WL 6064204, at *7 (2d Cir. 2021). Because no repleading here could cure the untimely filing of the Complaint, leave to amend is denied.

### V.    CONCLUSION

For the foregoing reasons, the motion to dismiss the federal claims is **GRANTED,** and the court declines to exercise supplemental jurisdiction over the remaining claims. Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith, and, therefore, in forma pauperis status is **DENIED** for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to pro se Plaintiff, terminate any outstanding motions and close the case.

Dated: July 15, 2022
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE